**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF THE COMPLAINT** | § | **CIVIL ACTION NO. _____** |
| **OF MARINE FUELING SERVICE, INC. as** | § | |
| **Owner/Operator of the M/V MISS TERRI** | § | |
| **and its equipment, tackle, apparel and** | § | **JUDGE _____** |
| **appurtenances, FOR EXONERATION** | § | |
| **FROM AND/OR LIMITATION OF** | § | **Rule 9(h) Admiralty** |
| **LIABILITY** | § | |
| | § | |

**VERIFIED COMPLAINT FOR**
**EXONERATION FROM and/or LIMITATION OF LIABILITY**

TO THE HONORABLE U.S. DISTRICT JUDGE OF SAID COURT:

COMES NOW, Limitation Petitioner, **MARINE FUELING SERVICE, INC.**, as the Owner/Operator of the M/V MISS TERRI, in a civil and maritime cause of action for exoneration from and/or limitation of liability pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Marine Claims, and in support thereof Limitation Petitioner would respectfully show unto this Honorable Court as follows:

**I.**
**JURISDICTION AND VENUE**

1.       This is a case of admiralty and maritime jurisdiction under 28 U.S.C §1333 and is filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims & Asset Forfeiture Actions of the Federal Rules of Civil Procedure (the "Supplemental Rules"), all as more fully hereinafter appears.

2.       Limitation Petitioner at all material times hereinafter mentioned was a Texas for-profit corporation doing business in the State of Texas, with its principal place of business

located in Port Arthur, Texas.  Limitation Petitioner at all times material hereto was the owner and operator of the M/V MISS TERRI (the "Vessel").

3.    The Vessel has not been arrested or attached, although suit has been commenced against Limitation Petitioner in state district court in Harris County, Texas, by Joseph Prothro ("Prothro").  However, Limitation Petitioner would show that proper venue of this action does not lie in the Southern District of Texas insofar as Limitation Petitioner is located in the Eastern District of Texas, and upon information and belief the alleged incident occurred in the Eastern District of Texas.  Moreover, and upon further information and belief, Prothro resides in the Eastern District of Texas.  Consequently, under Rule F(9) of the Supplemental Rules, the Eastern District of Texas provides a more convenient forum in which to litigate this limitation of liability action.

4.    Limitation Petitioner first received a claim in writing on June 24, 2025, at which time Limitation Petitioner was served with a lawsuit initiated by Prothro in the 269th Judicial District Court of Harris County, Texas.  This was Limitation Petitioner's first written notice of the claim being asserted by Prothro.  Therefore, this Complaint has been timely filed within six (6) months from the date Limitation Petitioner received first written notice of a claim from any claimant for losses or damages that any person, firm, corporation or other entity claims to have sustained while the Vessel was on the voyage in question.

5.    The actual amount of Prothro's claim is unknown at this time.  Thus, Limitation Petitioner states and pleads that Joseph Prothro's claim has the potential to exceed the Limitation Fund set out in Section III, below.

**II.**
**FACTS GIVING RISE TO LIMITATION PETITIONER'S RIGHT TO**
**EXONERATION FROM OR LIMITATION OF LIABILITY**

6.      The Vessel is a 70.5-foot long, 28.1-foot wide, 10.5-foot deep, 193 gross ton steel-hulled inland towboat of diesel propulsion bearing Official No. 566281 and IMO No. 8644371, which was built in 1975 by Verrett Shipyard in Belle Chase, Louisiana.  At all relevant times, the Vessel was regularly utilized in connection with Limitation Petitioner's business operations in and around the waterways of the Texas Gulf Coast and this Federal District, and its current homeport is Port Arthur, Texas.  Prior to and at all times hereinafter described, Limitation Petitioner exercised due diligence to make the Vessel and its equipment and appurtenances in all respects seaworthy and maintain them in a seaworthy condition, and at all times material hereto the Vessel was, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped, victualed and furnished, and well and sufficiently fitted with suitable machinery, gear, tackle, apparel, appliances and equipment, all in good order and condition and suitable for the service in which the Vessel was intended and engaged.

7.      Prothro has alleged that he sustained personal injuries while employed in the service of the Vessel in May 2024, although he has not alleged the actual date upon which he claims to have sustained those alleged injuries.  Prothro contends that he suffered his alleged injuries as he attempted to throw a line from his position aboard a barge made up to the Vessel to another barge that was already secured to the dock (hereinafter referred to as the "Subject Incident").  With regard to the alleged circumstances surrounding the Subject Incident, Prothro contends that as he attempted to throw the line, high currents resulting from "significant weather" caused movement of "the barge," which in turn allegedly caused him to fall and sustain "severe injuries to his back, amongst others."  Limitation Petitioner has denied, and will

3

continue to deny, all of Prothro's allegations.  The Vessel was not damaged, lost or abandoned in the Subject Incident.

8.    The above-described Subject Incident, and the alleged resulting alleged injuries, losses, and damages, if any, which in all respects are denied by Limitation Petitioner, were done, occasioned, and incurred without the privity or knowledge of Limitation Petitioner and without the privity or knowledge of Limitation Petitioner's management personnel.  Prothro's Original Petition in his state court action included causes of action for negligence and unseaworthiness. Limitation Petitioner has denied and hereby denies each and every allegation of negligence set forth in Prothro's state court pleading and any Claim he may ultimately file in the instant limitation action.  Moreover, should the facts of this case show that any action or inactions of Limitation Petitioner's employees were negligent (which Limitation Petitioner denies), then any such actions or inactions were occasioned without the privity or knowledge of Limitation Petitioner's and/or Limitation Petitioner's management personnel.  Moreover, the Vessel was in all respects seaworthy at the time of the Subject Incident, and Limitation Petitioner and its management personnel had no privity or knowledge of any condition or circumstance that contributed to the purported loss or losses for which any claims may now be made.

9.    Limitation Petitioner desires to contest any liability of it and of the Vessel for the damages allegedly sustained by those affected by the events in question and the Subject Incident, and for any and all losses and damages, if any, which occurred during the voyage or on the occasion in question.  Limitation Petitioner further claims exoneration from or limitation of liability for any damages sustained by those affected, and for the claim that has been made and those claims which hereafter may be made by any other person, firm, corporation or other entity. Limitation Petitioner would show that it has valid defenses on the facts and on the law to the

claims of any present and/or future claimants. Limitation Petitioner, without admitting but affirmatively denying all liability, further claims the benefit of Limitation of Liability as provided in 46 U.S.C.A. §§ 30501 to 30512, inclusive, Rule F of the Supplemental Rules, and any and all Acts of Congress of the United States amendatory thereof and supplementary thereto, and the rules of practice of this Honorable Court, and is entitled to have its liability, if any, limited to the amount or value of Limitation Petitioner's interest in the Vessel following the events in question.

10.     As the condition of the Vessel did not in any way contribute to the damages and injuries alleged by Prothro as described herein, and given the fact that Limitation Petitioner also lacked privity and/or knowledge of any alleged unseaworthy condition that is claimed to have caused or contributed to the alleged injuries, losses and damages purportedly sustained in the Subject Incident, Limitation Petitioner as the Owner, Owner Pro Hac Vice and/or Operator of the Vessel, is entitled to Exoneration from and/or Limitation of Liability. Therefore, Limitation Petitioner hereby claims the benefit of Exoneration from and/or, in the alternative, Limitation of Liability, as provided by certain laws of the United States; namely, 46 U.S.C. § 30501, *et seq.*

### III.
### AMOUNT OF LIMITATION FUND

11.     As per the Affidavit of Christopher Bean and its attachments, true and correct copies of which are attached hereto as Exhibit A and incorporated herein by reference the same as if set forth at length, the value of the Vessel following the Subject Incident was EIGHT HUNDRED THOUSAND DOLLARS ($800,000.00). However, given that Prothro has not alleged the actual date upon which he was purportedly injured, Limitation Petitioner has no way to determine the pending freight of the Vessel at the time of the alleged incident. Therefore, Limitation Petitioner reserves its right to amend and/or supplement this Complaint if and when

additional information is received which would allow Limitation Petitioner to determine the amount of freight pending at the time of the alleged incident. In the meantime, Limitation Petitioner would show that the value of Limitation Petitioner's interest in the Vessel at the time of the Subject Incident was $800,000.00.

12. The amount of the aforesaid claim referenced in Paragraph II(7), above, while the exact amount is currently unknown, has the potential to exceed the amount and value of Limitation Petitioner's interest in the Vessel immediately after the Subject Incident and at the time of the termination of the voyage.

13. The Vessel operates exclusively within the territorial the United States, and hence is not a "seagoing vessel" within the meaning of 46 U.S.C. § 30506. Accordingly, Limitation Petitioner is not required to post the supplemental amounts of security required by that statute.

14. In connection with this Complaint, Limitation Petitioner is providing as security for the benefit of all potential claimants, a Stipulation of Value in the amount of $800,000.00, plus interest in the amount of 6% per annum from the date of said Stipulation, with said sum representing its interest in the Vessel, and its gear, tackle, equipment, machinery, appurtenances, etc. as of May 2024. This Stipulation of Value is attached as Exhibit B hereto and is incorporated herein by reference the same as if set forth at length. Limitation Petitioner claims entitlement to a credit for any sums previously paid or incurred with respect to the Subject Incident. Limitation Petitioner stands ready and agrees to comply with any other Orders of the Court provided for in Supplemental Rule F with respect to additional security that the Court may from time-to-time fix as necessary to carry out the provisions of the Limitation of Liability statutes as amended.

15. If it later appears that Limitation Petitioner is or may be liable and the amount or value of Limitation Petitioner's interest in the Vessel (and her then pending freight if eventually determined) are not sufficient to pay all losses in full, then claimants shall share *pro rata* in the aforesaid sum, saving to claimants any rights to priority they may have as ordered by this Honorable Court.

16. All and singular, the premises are true and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

17. Limitation Petitioner shall provide notice of this action to counsel for Prothro, as required by the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Marine Claims.

WHEREFORE, PREMISES CONSIDERED, Limitation Petitioner **MARINE FUELING SERVICE, INC.**, respectfully prays as follows:

(A) That the Court issue an Order approving the Stipulation of Value as security required by Supplemental Rule F(1);

(B) That the Court issue an Order directing the issuance of a Notice to all persons, firms, corporations or other entities who might have any claim arising out of the voyage in question or the Subject Incident, citing them to file their claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for Limitation Petitioner on or before the time fixed by the Court in the Notice or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims before this Court as the Court may later direct, and also to appear and answer the allegations of this Complaint and Petition at or before a certain time to be fixed by the Notice;

(C) That upon approval of the Stipulation of Value tendered as security or upon the giving of such security as may be determined by the Court to be proper, all claims and proceedings against Limitation Petitioner or Limitation Petitioner's property with respect to this matter shall cease;

(D)  That the Court issue an injunction enjoining the further prosecution of any action or proceeding against Limitation Petitioner or Limitation Petitioner's property with respect to any claim subject to limitation in this action;

(E)  That the Court in this proceeding adjudge the following:

(i)  That Limitation Petitioner is not liable to any extent for any loses, injuries or damages of any party in any way arising out of, during, or consequent upon the aforesaid Subject Incident or voyage of the Vessel, and that therefore the Vessel and Limitation Petitioner are exonerated from any and all liability which has been or may be claimed as a result of the events in question; or

(ii)  Alternatively, if Limitation Petitioner shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Petitioner's interest in the Vessel, her engines, tackle, gear, equipment, machinery and apparel, and her then pending freight, at the time of the Subject Incident, and that the money paid or secured to be paid as aforesaid be divided *pro rata* among such claimants as they may duly prove their claims before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Limitation Petitioner from all further liability.

(F)  That Limitation Petitioner have such other and further relief, both general and special, at law, admiralty or equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**CALVERT EAVES CLARKE & STELLY, L.L.P.**
2615 Calder Avenue, Suite 1070
Beaumont, Texas 77702
Tel: (409) 832-8885
Email: meaves@calvert-eaves.com

By: _____
Michael K. Eaves, Attorney-in-Charge
Texas State Bar No.: 00787414
Federal I.D. No.:  18764

**ATTORNEYS FOR LIMITATION PETITIONER, MARINE FUELING SERVICE, INC.**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | CIVIL ACTION NO. _____ |
| OFMARINE FUELING SERVICE, INC. as | § | |
| Owner/Operator of the M/V MISS TERRI | § | |
| and its equipment, tackle, apparel and | § | JUDGE _____ |
| appurtenances, FOR EXONERATION | § | |
| FROM AND/OR LIMITATION OF | § | Rule 9(h) Admiralty |
| LIABILITY | § | |
| | § | |

**<u>VERIFICATION OF CHRISTOPHER L. BEAN</u>**

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF JEFFERSON | § | |

BEFORE ME, the undersigned authority, personally came and appeared Christopher L. Bean, who, after first being duly sworn by me, did depose and state as follows based on his personal knowledge:

1. That he is the President of Limitation Petitioner Marine Fueling Service, Inc.;

2. That he is authorized to make this Verification and to file the foregoing Verified Complaint in Limitation on behalf of Limitation Petitioner Marine Fueling Service, Inc..;

3. That he has read the above and foregoing Verified Complaint of Limitation and all the allegations of fact therein contained with regard to Marine Fueling Service, Inc., are true and correct, upon his information, personal knowledge and belief;

4. That the source of his knowledge and the grounds for his belief being information obtained from his personal knowledge and investigation by him and his representatives; and

5.     That he declares pursuant to 28 U.S.C. §1746 and under penalty of perjury that the foregoing is true and correct.

Christopher L. Bean, Affiant
President, Marine Fueling Service, Inc.

SUBSCRIBED AND SWORN TO BEFORE ME by Christopher L. Bean on this __14th__

day of December 2025, to certify which witness my hand and seal of office.



MARICIA M. WILSON
Notary Public, State of Texas
Comm. Expires 07-28-2029
Notary ID 123929348

_Maricia M. Wilson_____
NOTARY PUBLIC, STATE OF TEXAS

My Commission Expires: __07-28-2029__